UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. Derivative Litigation )<br>)<br>)<br>)<br>This Document Relates To: )<br>)<br>ALL ACTIONS )<br>) | Civil Action No. 1:07CV00143<br>Judge Reggie B. Walton |

**MOTION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO
LEAD PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Nominal defendant Sunrise Senior Living, Inc. ("Sunrise"), and individual defendants Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, Paul J. Klaassen, Teresa M. Klaassen, and William G. Little, each current directors of Sunrise (Sunrise and these current directors, the "Opposing Parties"), respectfully request that this Court grant them leave to file a surreply in response to the August 16, 2007 reply brief filed by the lead plaintiffs' in support of their motion for partial summary judgment on Count X of the Consolidated Shareholder Derivative Complaint. The Opposing Parties seek leave to file the attached surreply (Ex. A hereto) to respond directly to new issues first raised by lead plaintiffs in their reply brief. See Alexander v. Federal Bureau of Investigation, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file surreply for good cause shown, and holding that denial of leave would have precluded defendants from opportunity to refute issues raised by plaintiff for first time in reply); see also Longwood Village Restaurant, Ltd. v. Ashcroft, 157 F.Supp.2d 61 (D.D.C. 2001) (citing Alexander).

**CONCLUSION**

For these reasons, the Court should grant the Opposing Parties leave to file the attached surreply, which is hereby lodged with the Court.

Respectfully Submitted,

Dated: August 17, 2007

HOGAN & HARTSON, LLP

/s/ George H. Mernick, III
George H. Mernick, III (DC Bar 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5726
Facsimile: (202) 637-5910

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200

*Attorneys for Nominal Defendant
Sunrise Senior Living, Inc.*

GIBSON DUNN & CRUTCHER, LLP

/s/ John C. Millian
John C. Millian (DC Bar 413721)
Matthew R. Estabrook (DC Bar 477880)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
HOGAN & HARTSON LLP

*Attorneys for Defendants Ronald V. Aprahamian,
Craig R. Callen, Thomas J. Donohue, J. Douglas
Holladay, Paul J. Klaassen, Teresa M. Klaassen,
and William G. Little*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing, MOTION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO LEAD PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT, was served this 17th day of August, 2007, in accordance with the Court's CM/ECF Guidelines.  In addition, the forgoing was served this 17th day of August, 2007, via first-class mail, postage prepaid, on:

>Maya Saxena
>Joseph White
>SAXENA WHITE, P.A.
>2424 North Federal Highway, Suite 257
>Boca Raton, FL  33431
>
>Brian J. Robbins
>Felipe J. Arroyo
>Ashley R. Palmer
>ROBBINS, UMEDA, & FINK, LLP
>610 West Ash Street, Suite 1800
>San Diego, CA  92101
>
>*Co-Lead Counsel for Plaintiffs*

>/s/ Jon M. Talotta
>Jon M. Talotta
>jmtalotta@hhlaw.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. ) <br> Derivative Litigation ) <br> ) <br> ) <br> This Document Relates To: ) <br> ) <br> ALL ACTIONS ) <br> ) | Civil Action No. 1:07CV00143 <br> Judge Reggie B. Walton |

**SURREPLY IN RESPONSE TO**
**LEAD PLAINTIFFS' REPLY BRIEF IN SUPPORT OF**
**THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

In this surreply, the Opposing Parties 1/ respond directly to issues first raised by lead plaintiffs in their reply brief, and note that the claim at issue in the instant motion – violation of Section 211 – will be decided by (a) the court with statutory jurisdiction over the claim, (b) in a direct rather than a derivative proceeding, and (c) based on a full trial record, in less than three weeks. Given these circumstances, coupled with the jurisdictional and procedural obstacles to this Court's consideration of the pending motion, the Court should deny the motion, or at a minimum refrain from ruling on the motion until after the September 5, 2007 trial of <u>Millenco, L.L.C. v. Sunrise Senior Living, Inc.</u> in the Delaware Chancery Court, which will resolve the Section 211 claim at issue.

The lead plaintiffs asserted for the first time in their reply that this Court can simply make a finding of fact that Sunrise is in violation of Section 211(c) (a statute that empowers the Delaware Chancery Court to order the scheduling of an annual meeting when a

---

1/   The Opposing Parties are nominal defendant Sunrise Senior Living, Inc. ("Sunrise"), and individual defendants Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, Paul J. Klaassen, Teresa M. Klaassen, and William G. Little, each current directors of Sunrise.

Delaware corporation has not held its annual meeting within a specified interval), which the lead plaintiffs would then seek to enforce in the Delaware Chancery Court.  Pls.' Reply at 3.  There is no precedent or other legal authority for such a maneuver.  More importantly, for reasons of comity and practicality, the Court should defer to the Delaware Chancery Court, which will make its own findings of fact and rulings on Sunrise's compliance with Section 211 at trial on September 5, 2007.

The lead plaintiffs have still not cited a single authority recognizing this or any non-Delaware Court's jurisdiction over a Section 211 claim, or demonstrating that a court outside of Delaware has ever ruled on such a claim.  Indeed, the lead plaintiffs' new suggestion, that the Delaware Chancery Court could be asked to enforce this Court's factual finding that Sunrise has violated Section 211, simply confirms that this Court has no jurisdiction over Count X in the first place.  Expedited discovery is underway in Millenco, and the Delaware Chancery Court is thus poised to fulfill its statutorily-mandated role as the arbiter and enforcer of Section 211 – and to do so based on a full trial record – in less than three weeks.  Given these circumstances, there is no reason for the Court to consider lead plaintiffs' motion at this time.

In addition, the lead plaintiffs asserted for the first time in their reply that the Opposing Parties have failed to assert any affirmative defenses to Count X, thereby attempting to support their assertion that the instant motion has been reduced simply to a finding of fact.  Pls.' Reply at 4.  This is specious.  None of the defendants have yet filed an answer in this case, nor have they been required to do so.  Moreover, Sunrise is merely a "Nominal Defendant" in the lead plaintiffs' "Consolidated Shareholder Derivative Complaint" (expressly filed in the Sunrise's name and for the company's benefit), is not mentioned in Count X or any other claim, and thus is not required to answer and assert affirmative defenses in any event.  It should be

noted that Sunrise did file an answer and affirmative defenses to the Section 211 claim in Millenco, brought in that case (as such a claim should be) as a direct, rather than derivative, claim.

Finally, the assertion in Section 2 of the lead plaintiffs' Reply (at 4) that Count X is a direct claim, rather than a shareholder derivative claim, is flatly contradicted by the Complaint itself, so much so that plaintiffs have resorted to re-naming that complaint in their brief (repeatedly calling their "Consolidated Shareholder Derivative Complaint" as simply the "Consolidated Complaint") in an effort to brush this contradiction under the rug.  Moreover, plaintiffs' proposed alternative – filing a second amended complaint in which Count X would be pleaded as a direct claim – would simply substitute one pleading defect for another.  Because the Company is a necessary defendant in any claim arising under Section 211, the plaintiffs would purport to be acting for the Company in some of their counts, but against the Company in others. This obvious conflict bars plaintiffs' proposed "cure" to their problem.

## CONCLUSION

For these reasons, the Court should either (i) deny the lead plaintiffs' motion for partial summary judgment on Count X of the Complaint, or (ii) defer consideration of the motion until after the resolution of the September 5, 2007 trial in Millenco, L.L.C. v. Sunrise Senior Living, Inc. in the Delaware Chancery Court.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: August 17, 2007 | HOGAN & HARTSON, LLP |
|  | /s/ George H. Mernick, III |
|  | George H. Mernick, III (DC Bar 294256) |
|  | Columbia Square |
|  | 555 Thirteenth Street, NW |
|  | Washington, D.C. 20004 |
|  | Telephone: (202) 637-5726 |
|  | Facsimile: (202) 637-5910 |
|  |  |
|  | N. Thomas Connally (DC Bar 448355) |
|  | Jon M. Talotta (DC Bar 473626) |
|  | 8300 Greensboro Drive, Suite 1100 |
|  | McLean, Virginia 22102 |
|  | Telephone: (703) 610-6100 |
|  | Facsimile: (703) 610-6200 |
|  |  |
|  | *Attorneys for Nominal Defendant* |
|  | *Sunrise Senior Living, Inc.* |
|  |  |
|  | GIBSON DUNN & CRUTCHER, LLP |
|  |  |
|  | /s/ John C. Millian |
|  | John C. Millian (DC Bar 413721) |
|  | Matthew R. Estabrook (DC Bar 477880) |
|  | 1050 Connecticut Avenue, N.W. |
|  | Washington, D.C. 20036 |
|  | Telephone: (202) 955-8500 |
|  | Facsimile: (202) 467-0539 |
|  | HOGAN & HARTSON LLP |
|  |  |
|  | *Attorneys for Defendants Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, Paul J. Klaassen, Teresa M. Klaassen, and William G. Little* |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. )<br>Derivative Litigation ) | Civil Action No. 1:07CV00143<br>Judge Reggie B. Walton |
| )<br>This Document Relates To: )<br>)<br>ALL ACTIONS ) | |

## [PROPOSED]
## **O R D E R**

Having considered the Motion for Leave to File Surreply in Response to Lead Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment, filed by nominal defendant Sunrise Senior Living, Inc. ("Sunrise"), and individual defendants Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, Paul J. Klaassen, Teresa M. Klaassen, and William G. Little, each current directors of Sunrise (Sunrise and these current directors, the "Opposing Parties"), as well as the entire record herein, and for good cause shown, it is hereby ORDERED that:

1. The Opposing Parties' motion for leave to file a surreply shall be and hereby is GRANTED;

2. The Surreply in Response to Lead Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment (the "Surreply"), previously lodged with this Court as Exhibit A to the Opposing Parties' motion, shall be and hereby is deemed to have been filed and served as of the date hereof; and

3.   The Clerk of the Court shall docket a copy of the Surreply as a separate entry relating to Plaintiffs' Motion for Partial Summary Judgment.

Entered this ___ day of August, 2007.

_____
Hon. Reggie B. Walton, U.S. District Court Judge

- 2 -